■ In the Matter of PRISCILLA G., a Person Alleged to be a Juvenile Delinquent, Respondent. [717 NYS2d 148] —Order, Family Court, Bronx County (Harold Lynch, J.), entered on or about April 28, 1999, which granted respondent's motion to suppress physical evidence and dismissed the juvenile delinquency petition, unanimously affirmed, without costs.

Respondent's suppression motion was properly granted. Although the police were looking for respondent's boyfriend, who

had menaced another person with a gun, respondent had no connection with that incident. While the police were entitled to approach respondent to request information as to her boyfriend's whereabouts, there was no founded suspicion that respondent was engaging in criminal activity so as to warrant the officer's immediate escalation of the questioning to an accusatory level. The officer merely saw respondent and her friend walking on the sidewalk; the fact that respondent was carrying a suitcase was innocuous, and the officer specifically testified that he had not suspected that respondent might be carrying a weapon. Accordingly, the officer was not entitled to make inquiries of an accusatory nature concerning ownership of the suitcase, respondent's plans to see her boyfriend, whether there was a gun in the suitcase and whether the officer could look inside it (*People v Hollman*, 79 NY2d 181). Even if respondent's reluctance to answer the officer's questions at times exhibited nervousness or discomfort, that factor alone did not serve as a basis to advance to an accusatory level of questioning (*see, People v Fields*, 257 AD2d 387, 389). Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.